UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT MARTIN,                )
                              )
          Plaintiff(s),       )        No. C10-4994 BZ
                              )
     v.                       )
                              )        **ORDER RE CROSS MOTIONS**
MICHAEL J. ASTRUE,            )        **FOR SUMMARY JUDGMENT**
                              )
          Defendant(s).       )
_____)

     Pursuant to 42 U.S.C. § 405(g), Robert Martin appeals
from a final decision by the Commissioner of Social Security
which affirmed the Administrative Law Judge's (ALJ) order
denying his claim for Social Security disability benefits.[1]
See Administrative Record (AR) 16-27.  Plaintiff's motion for
summary judgment asks me to reverse the ALJ's decision and
either award him benefits or remand this matter for further
proceedings before the ALJ.  Docket No. 15.  Defendant has
filed a cross motion for summary judgment arguing that the

_____

     [1]    The parties have consented to the Court's
jurisdiction for all proceedings, including entry of final
judgment under 28 U.S.C. § 636(c).

1

1  ALJ's decision should be upheld.  Docket No. 16.  For the

2  reasons explained below, plaintiff's motion is **GRANTED IN PART**

3  and this matter is **REMANDED** to the ALJ for further

4  administrative action consistent with this Order.

5  Defendant's cross motion for summary judgment is **DENIED.**

6      Plaintiff's claim for benefits asserted that he had been

7  disabled since November 17, 2006.  Following the standard

8  five-step process for evaluating a Social Security claim,[2] the

9  ALJ first found that plaintiff had not performed substantial

10  gainful activity since the alleged onset date.  AR 18.  At

11  step 2, the ALJ determined that plaintiff suffered from

12  obesity and degenerative disc disease of the lumbar and

13  cervical spines.[3]  AR 18.  Plaintiff has a history of back

14  problems for most of his adult life, including several

15  surgical procedures and epidural injections.  At step 3, the

16  ALJ found that these impairments did not meet or equal any

17  impairment set out in the Listing of Impairments.[4]  AR 19-20.

18  _____

19      [2]    See 20 C.F.R. § 404.1520.

20  [3]    Plaintiff also claimed that he suffered from other
   ailments, such as carpal tunnel syndrome and neck pain.  AR 20.
21  The ALJ, however, did not consider these ailments past step 2
   because they did not meet the durational requirements (12
22  months) for disabilities under the Social Security Act.  AR 16,
   20.  Moreover, these ailments did not arise until after the
23  date that plaintiff was last insured which was December 31,
   2007.  AR 16, 20.  Plaintiff has not challenged this decision.
24  Nor has he challenged the ALJ's finding that his obesity did
   not prevent him from doing light work.  AR 20.  Accordingly,
25  this Order only addresses plaintiff's argument that the ALJ
   erred when he concluded that plaintiff was not disabled by his
26  degenerative disc disease.

27  [4]    The Commissioner has acknowledged that certain
   impairments are so severe that they preclude substantial
28  gainful activity.  These impairments are set out in the Listing
   of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1.  A

At step 4, the ALJ analyzed plaintiff's medical history, including the residual functional capacity (RFC) evaluations conducted by various doctors, and adopted the opinion of Dr. Michael Gurvey, the impartial medical expert who testified by telephone at the administrative hearing. AR 20-26. After reviewing plaintiff's medical file, Dr. Gurvey concluded that plaintiff could perform light exertional level work, with certain exceptions, because he could sit, stand, and walk six hours out of an eight hour work day if he took breaks. AR 25. Based on this RFC evaluation, and the testimony of the vocational expert, the ALJ determined that plaintiff was not disabled since he was capable of performing his past relevant work as an inventory clerk, land surveyor, and communication technician. AR 26.

The Commissioner's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g); <u>Batson v. Comm'r of Soc. Sec. Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004). Plaintiff first argues that the ALJ committed legal error by failing to provide clear and convincing reasons for discrediting plaintiff's testimony about the severity of his back pain. The Ninth Circuit has explained the applicable law on this issue as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an

---

claimant whose impairment or combination of impairments meet or equal the "Listings" is presumptively disabled.

1   underlying impairment "which could reasonably be
    expected to produce the pain or other symptoms
2   alleged." <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 344
    (9th Cir. 1991)(en banc)(internal quotation marks
3   omitted).  The claimant, however, "need not show
    that her impairment could reasonably be expected to
4   cause the severity of the symptom she has alleged;
    she need only show that it could reasonably have
5   caused some degree of the symptom." <u>Smolen v.
    Chater</u>, 80 F.3d 1273, 1282 (9th Cir. 1996).  "Thus,
6   the ALJ may not reject subjective symptom testimony
    ... simply because there is no showing that the
7   impairment can reasonably produce the degree of
    symptom alleged." <u>Id.</u>; <u>see also</u> Reddick, 157 F.3d
8   at 722 ("[T]he Commissioner may not discredit the
    claimant's testimony as to the severity of symptoms
9   merely because they are unsupported by objective
    medical evidence.").
10       Second, if the claimant meets this first test,
    and there is no evidence of malingering, "the ALJ
11  can reject the claimant's testimony about the
    severity of her symptoms only by offering specific,
12  clear and convincing reasons for doing so." <u>Smolen</u>,
    80 F.3d at 1281; <u>see also</u> <u>Robbins</u>, 466 F.3d at 883
13  ("[U]nless an ALJ makes a finding of malingering
    based on affirmative evidence thereof, he or she may
14  only find an applicant not credible by making
    specific findings as to credibility and stating
15  clear and convincing reasons for each.").

16  <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035-36 (9th Cir.

17  2007).  There is no dispute that the ALJ properly determined

18  that plaintiff's underlying impairment of degenerative disc

19  disease was supported by objective evidence.  The parties also

20  agree that there is no evidence of malingering.  Thus, the

21  only issue is whether the ALJ provided clear and convincing

22  reasons for discrediting plaintiff's pain testimony.

23      I find that the ALJ failed to do this.  In his decision,

24  the ALJ concluded that plaintiff's "medically determinable

25  impairments could reasonably be expected to produce the

26  alleged symptoms, but that the claimant's statements

27  concerning the intensity, persistence and limiting effects of

28  these symptoms are generally credible, but only to the extent

4

consistent with the decision."  AR 25.  The ALJ never
explained why he discounted the parts of plaintiff's testimony
which were not consistent with the ALJ's decision, and, if
this testimony was credited, how plaintiff would be able to
work on a daily basis.

Plaintiff testified that his back problems caused him
severe pain and prevented him from working.  See AR 62-65.  He
explained that even while taking pain medication, such as
Vicodin and Norco, doing light work would "knock [his] back
out" and "lay [him] up" from a few days up to a few weeks.  AR
63-65 (when the ALJ asked plaintiff how many days of the week
he would be out of commission, plaintiff replied that it was
three or four days per week); see also AR 71-72; 178-79 (in
plaintiff's application for disability benefits, he wrote that
after walking for about 30 minutes, he would experience sharp,
burning pain in his back).  As explained in Lingenfelter, it
was legal error for the ALJ  not to explain specifically why
he did not believe plaintiff's subjective pain testimony.  504
F.3d at 1035-36; see also Greger v. Barnhart, 464 F.3d 968,
972 (9th Cir. 2007)("In making a credibility determination,
the ALJ must specifically identify what testimony is credible
and what testimony undermines the claimant's complaints")
(citations and quotations omitted)).

Defendant points out that the ALJ's decision included a
review of his medical history in which the ALJ alluded to
several reasons that may help to explain why he did not
believe the entirety of plaintiff's testimony.  For instance,
the ALJ explained that there was "scant objective evidence to

1    support a conclusion of disability." <u>See</u> AR 25.  In reviewing

2    plaintiff's medical history, the ALJ also noted that there

3    were instances where plaintiff reported to his doctors that

4    treatment had reduced his pain.  According to defendant, these

5    statements in the ALJ's decision are specific enough to

6    constitute clear and convincing reasons for why the ALJ

7    discounted plaintiff's subjective pain testimony.  I disagree

8    and find that the ALJ's decision does not meet the Ninth

9    Circuit's requirement to "specifically identify what testimony

10   is credible and what testimony undermines" plaintiff's

11   complaints.  <u>Greger</u>, 464 F.3d at 635; <u>see also</u> <u>Dodrill v.</u>

12   <u>Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993)("If the ALJ wished

13   to reject [the claimant's] pain testimony, he was required to

14   point to specific facts in the record which demonstrate that

15   [the claimant] is in less pain than she claims").

16   Furthermore, a finding that there is no objective evidence to

17   substantiate plaintiff's claim "cannot form the sole basis for

18   discounting" subjective symptom testimony.  <u>Renteria v.</u>

19   <u>Astrue</u>, 2010 WL 5175051 at *3 (C.D. Cal. 2010)(quoting <u>Burch</u>

20   <u>v. Barnhart</u>, 400 F.3d 676, 681 (9th Cir. 2005)); <u>see also</u>

21   <u>Bunnell v. Sullivan</u>, 947 F.2d 341 (9th Cir. 1991).

22        Plaintiff also challenges the ALJ's decision to give more

23   weight to the opinion of the nonexamining medical expert, Dr.

24   Gurvey, than to the examining doctor, Dr. Todd Nguyen.  "In

25   order to discount the opinion of an examining physician in

26   favor of the opinion of a nonexamining medical advisor, the

27   ALJ must set forth specific, legitimate reasons that are

28   supported by substantial evidence in the record." <u>Nguyen v.</u>

1   <u>Chater</u>, 100 F.3d 1462, 1466 (9th Cir. 1996).  In his decision,

2   the ALJ explained that out of all the medical opinions about

3   plaintiff's condition, he gave "the greatest weight" to the

4   opinion of Dr. Gurvey because his assessment was

5   "comprehensive, and well explained, supported by objective

6   findings and he was the only medical source of record able to

7   review and consider the entire evidentiary file and to hear

8   the testimony of the claimant, which I found was generally

9   credible."[5]  AR 26.  Defendant argues that this short

10  explanation for adopting Dr. Gurvey's opinion constitutes

11  specific and legitimate reasons which are supported by

12  substantial evidence in the record.  I disagree.  The ALJ is

13  essentially giving more weight to Dr. Gurvey because he was

14  the last doctor to evaluate plaintiff's claims and therefore

15  had the benefit of having plaintiff's "entire evidentiary

16  file," including hearing plaintiff's testimony, to perform a

17  "comprehensive" review.  Dr. Nguyen, and the other state

18  doctors that evaluated plaintiff, should not be discounted for

19  the sole reason that they reviewed plaintiff's file during an

20  earlier time period.  This is particularly true since Dr.

21  Nguyen personally examined plaintiff while Dr. Gurvey only

22  reviewed plaintiff's medical file.  Moreover, I do not find

23  that the ALJ's explanation that Dr. Gurvey's opinion is

24  supported by objective findings meets the specificity standard

25  required by the Ninth Circuit.  <u>See</u> <u>Nguyen</u>, 100 F.3d at 1466.

26  (9th Cir. 1996).  Accordingly, on remand, the ALJ shall

27  _____

28      [5]    Yet, since he testified by telephone, Dr. Gurvey
    never observed the plaintiff.

                                7

1   provide specific and legitimate reasons for adopting Dr.

2   Gurvey's opinion, including the specific objective findings

3   that support Dr. Gurvey's opinion and are inconsistent with

4   Dr. Nguyen's opinion.

5       For the foregoing reasons, **IT IS HEREBY ORDERED** that

6   plaintiff's motion for summary judgment is **GRANTED IN PART** and

7   defendant's cross motion for summary judgment is **DENIED**.  This

8   matter is **REMANDED** for the ALJ to provide clear and convincing

9   reasons for discrediting plaintiff's testimony about his

10  subjective pain.  The ALJ must identify such reasons or accept

11  the plaintiff's testimony.  See <u>Dodrill</u>, 12 F.3d at 418.  The

12  ALJ shall also either adopt Dr. Nguyen's opinion or provide

13  specific and legitimate reasons for giving more weight to Dr.

14  Gurvey's opinion.  **IT IS FURTHER ORDERED** that defendant shall

15  submit a proposed judgment consistent with this Order by

16  **October 11, 2011**.

17  Dated: October 4, 2011

18  _____

19              Bernard Zimmerman
            United States Magistrate Judge

20

21  G:\BZALL\-BZCASES\MARTIN V. ASTRUE\ORDER RE CROSS MOTIONS 2bzwpd.wpd

22

23

24

25

26

27

28

8