1  MELINDA L. HAAG, CSBN 132612
2  United States Attorney
   DONNA L. CALVERT, SBN IL 6191786
3  Acting Regional Chief Counsel, Region IX
   Social Security Administration
4  DANIEL P. TALBERT, SBN OH 0084088
5  Special Assistant United States Attorney
        333 Market Street, Suite 1500
6       San Francisco, California 94105
7       Telephone: (415) 977-8926
        Facsimile: (415) 744-0134
8       E-Mail: Daniel.Talbert@ssa.gov
9  Attorneys for Defendant

10                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
11

12 | ROBERT MARTIN,            )   CIVIL ACTION NO. 3:10-CV-04994-BZ
           Plaintiff,          )
13                             )
                               )
14         v.                  )   STIPULATION AND ~~PROPOSED~~ ORDER
                               )   FOR THE AWARD OF ATTORNEY'S FEES
15 | MICHAEL J. ASTRUE,        )   PURSUANT TO THE EQUAL ACCESS TO
     Commissioner of Social Security, ) JUSTICE ACT, 28 U.S.C. § 2412, AND COSTS
16         Defendant.          )   PURSUANT TO 28 U.S.C. § 1920
                               )
17 |_____)

18      IT IS HEREBY STIPULATED by and between the parties through their undersigned
19 counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the
20 EAJA in the amount of THREE THOUSAND NINE HUNDRED FIFTY dollars and 0 cents
21 ($3,950.00), and costs in the amount of SEVENTY-SEVEN dollars and 0 cents ($77.00) pursuant
22 to 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on
23 behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28
24 U.S.C. §§ 1920 and 2412.
25      After the Court issues an order for EAJA fees to Plaintiff, the government will consider
26 the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to
27 Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on
28 whether the fees and expenses are subject to any offset allowed under the United States
   Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is

Stip and Prop. Order for EAJA, 3:10-cv-04994-BZ                                                    1

entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Henry F. Reynolds, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted December 1, 2011.

Respectfully submitted,

Dated: December 1, 2011

*/s/ Henry F. Reynolds*
(as authorized via e-mail)
HENRY F. REYNOLDS
Attorney for Plaintiff

MELINDA L. HAAG
United States Attorney

Dated: December 1, 2011

By *s/ Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant U.S. Attorney

Attorneys for Defendant

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 1 Dec '11

BERNARD ZIMMERMAN
UNITED STATE MAGISTRATE JUDGE

Stip and Prop. Order for EAJA, 3:10-cv-04994-BZ                                                              2